UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

EDITH BARNES,                        )
                                     )
          Plaintiff,                 )
    v.                               )
                                     )   Case No. 08-2294
MICHAEL J. ASTRUE,                   )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
          Defendant.                 )

# ORDER

In June 2007, Administrative Law Judge (hereinafter "ALJ") John Wood denied Plaintiff Edith Barnes' application for disability insurance benefits on behalf of her son, David Barnes. ALJ Wood based his decision on a finding that Mr. Barnes was not disabled as of his date last insured because, independent of his alcohol abuse, he would have been able to perform jobs that exist in significant numbers in the national economy.

In December 2008, Plaintiff, acting *pro se*, filed a Complaint (#5) against Defendant Michael Astrue, the Commissioner of Social Security, seeking judicial review of the ALJ's decision to deny social security benefits. In May 2009, Plaintiff filed a Motion for Summary Judgment (#18). In August 2009, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#22). After reviewing the administrative record and the parties' memoranda, this Court **DENIES** Plaintiff's Motion for Summary Judgment **(#18)**.

## I. Background
### A. Procedural Background

In September 2005, claimant David Barnes filed an application for disability insurance benefits, alleging disability beginning December 31, 2004, the date he was last insured. In September 2006, an ALJ denied his application based on late filing of the request for hearing. In December 2006, the Appeals Council found good cause for the late filing, vacated the ALJ's dismissal, and remanded the case to ALJ Wood for further proceedings. Following Mr. Barnes' death in February 2007, Plaintiff Edith Barnes assumed his claim. In April 2007, the ALJ held a

supplemental hearing pursuant to Appeals Council remand, at which Mr. Barnes' mother and sister testified. A vocational expert also testified. An attorney represented Plaintiff at the hearing.

In June 2007, the ALJ issued a decision denying benefits, based on a finding that the claimant was not disabled at any time through his date last insured. In October 2008, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. In December 2008, Plaintiff appealed this decision by filing a complaint with this Court pursuant to 42 U.S.C. § 405(g). Plaintiff seeks a reversal of the decision.

The parties have consented to the exercise of federal jurisdiction by a United States Magistrate Judge.

### B. Factual Background

The claimant alleged disability based on hypertension, diabetes, sleep apnea, skin itching, cognitive problems, and memory loss. The ALJ found that he had severe impairments including status-post carpal tunnel surgery of his right hand, depression, anxiety, and alcohol dependence. The ALJ found that the claimant's hypertension, diabetes, sleep apnea, and skin itching were not severe impairments.

In assessing the claimant's mental condition, the ALJ noted that alcohol dependence was his primary impairment and stated that Plaintiff satisfied Listing 12.09, Substance Addiction Disorders. That Listing provides that the required level of severity for substance addiction disorders is met when the claimant meets the requirements of certain other listings, including 12.02, 12.04, 12.06, 12.08, 11.14, 5.05, 5.04, 5.08, 11.02, or 11.03. The ALJ concluded that, independent of the alcohol abuse, the record fails to establish an impairment or combination of impairments that is medically equivalent to one of these required Listings.

Regarding the claimant's mental condition, the ALJ stated that the record shows evidence of depression and anxiety, independent of the claimant's alcohol dependence. The ALJ gave significant weight to the opinions of Dr. Frances Schoon, who stated that Plaintiff's cognitive delays were directly related to his alcohol consumption. Based on the results of an April 2005 neuropsychological evaluation, Dr. Schoon opined that the claimant's mental functioning was likely to improve if he were to stop abusing alcohol. Relying on this opinion and the medical evidence, the ALJ concluded that the longitudinal medical record did not establish that the claimant's depression and/or anxiety constituted disabling conditions.

The ALJ determined that the claimant had the residual functional capacity (hereinafter "RFC") to perform simple and repetitive medium work, with frequent handling, fingering, and feeling with the right upper extremity, and occasional interaction with the public, coworkers, and supervisors. As a result, the ALJ found that the claimant could not perform his past relevant work as an instrument mechanic. Based on testimony from the vocational expert, the ALJ then found that the claimant could perform jobs that exist in significant numbers in the national economy.

Regarding the evidence of deterioration in the claimant's condition between December 2004 and his death in February 2007, the ALJ stated that, in order to qualify for benefits, an individual must establish a disabling impairment on his date last insured, and in this case, the record shows that the claimant was mentally capable of a limited range of work as of his date last insured, independent of alcohol abuse.

## II. Standard of Review

To be found eligible for social security disability insurance and supplemental income, a claimant must show that he is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that is expected to result in death or that has lasted, or can be expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 416(i)(1).

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's finding with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). The findings of the Commissioner of Social Security as to any fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, the question before the Court is not whether a plaintiff is, in fact, disabled, but whether the evidence substantially supports the ALJ's findings. *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether a plaintiff is disabled, the Court must affirm the ALJ's decision denying benefits. *Books v. Chater*, 91 F.3d 972, 977-78 (7th Cir. 1996).

### III.  Discussion

Plaintiff argues that the Court should reverse the Social Security Administration's decision because the ALJ erred by failing to find that the claimant satisfied Section 12.02 (Organic Mental Disorders) of the Listings. Plaintiff also states that (1) the medical record and autopsy report substantiates the fact that the claimant had diabetes/neuropathy, sleep apnea, Agent Orange, alcoholism, atrophy of the brain, and Parkinson's disease; and (2) she submitted new and material evidence, including the autopsy report and Dr. Randag's letter.

### A.  Plaintiff's Additional Evidence

The Court will consider Plaintiff's statement that she submitted new and material evidence as an attempt to seek remand pursuant to sentence six of 42 U.S.C. § 405(g). Sentence six of 42 U.S.C. § 405(g) allows the Court to remand a case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). New evidence is considered "material" if there is a reasonable probability that the ALJ would have reached a different conclusion had the evidence been considered. *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005). Thus, the evidence must relate to the claimant's condition during the relevant time period encompassed by the disability application under review. *Id*.

Neither Dr. Randag's letter (dated December 2008) nor the autopsy report indicate that they relate to the claimant's condition prior to December 31, 2004, his date last insured. Accordingly, the Court denies Plaintiff's motion to remand pursuant to sentence six for consideration of this evidence.

### B.  The Medical Record

Plaintiff also stated that the medical record shows that the claimant had diabetes/neuropathy, sleep apnea, Agent Orange, alcoholism, atrophy of the brain, and Parkinson's disease. To the extent that Plaintiff may be arguing that the ALJ failed to consider all of the claimant's medical conditions in assessing his RFC, the Court disagrees. The Court notes that the ALJ expressly discussed the claimant's diabetes, sleep apnea, and alcoholism. Plaintiff has not provided any references to medical evidence to support her statement regarding Agent Orange, atrophy of the brain, and Parkinson's disease. The Court notes that Plaintiff has provided some general information regarding Agent Orange and Parkinson's disease, however, this information does not constitute medical evidence that the claimant has impairments other than those that the ALJ discussed.

### C.  The Listings

Plaintiff argues primarily that the ALJ erred by failing to find that the claimant satisfied Section 12.02 (Organic Mental Disorders) of the Listings. The Court notes Plaintiff has not argued that the ALJ erred by finding that the claimant did not satisfy Listing 12.04.

Plaintiff bears the burden of proving that the claimant satisfied a Listing. *Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999). Here, Plaintiff did not describe any of the claimant's symptoms or refer to any specific evidence in the medical record to support this argument.

The decision indicates that the ALJ relied on the opinion of Dr. Boyenga Kirk when assessing whether Plaintiff satisfied the Listings. (R. 19.) Dr. Kirk completed a Psychiatric Review Technique form (R. 274-87) in January 2006. That form indicates that Dr. Kirk found that the claimant's condition satisfied Listing 12.09 (R. 274) and he further concluded that Listing 12.04 was the most applicable listing for an assessment of whether the claimant met the required level of severity under Listing 12.09 (R. 282). The regulations provide that state agency consultants are "highly qualified physicians . . . who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(f)(2)(i). Moreover, the Seventh Circuit court has stated that "[i]t is appropriate for an ALJ to rely on the opinions of physicians and psychologists who are also experts in social security disability evaluation." *Flener v. Barnhart*, 361 F.3d 442, 448 (7th Cir. 2004). Dr. Kirk reviewed the claimant's record and found that his impairments did not equal a Listing, and the ALJ was free to rely on that determination. *See Scheck v. Barnhart*, 357 F.3d 697, 700-01 (7th Cir. 2004).

Furthermore, as the ALJ noted, Dr. Schoon's April 2005 neuropsychological evaluation indicates that many of the claimant's impairments are caused by or related to his alcohol dependence. (R. 183-91.) Similarly, Dr. Kirk stated that the claimant functions well in the absence of substance abuse. (R. 286.) As Defendant points out, disability benefits are not allowed where alcohol abuse is a contributing factor material to the determination of disability. 42 U.S.C. § 423(d)(2)(C) ("[A]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.") To determine whether alcoholism or drug addiction is a contributing factor material to a determination of disability, the Social Security Administration considers whether the claimant would be found to be disabled if his alcohol or drug use stopped. *See* 20 C.F.R. §§ 404.1535, 416.935; *Maggard*, 167 F.3d at 379. The doctors' opinions provide substantial evidence to support the ALJ's conclusion regarding the Listings.

The question before the Court is not whether the claimant is disabled, but whether substantial evidence in the record supports the ALJ's finding of no disability. *Books*, 91 F.3d at 977. This Court is not free to reweigh conflicting evidence or substitute its own judgment; "so long as reasonable minds may differ," the Court must uphold the Commissioner's decision. *Lee v. Sullivan*, 988 F.2d 789, 793-94 (7th Cir. 1993). While one can sympathize with Plaintiff, the Commissioner is permitted to grant social security benefits only to those who are incapable of engaging in any substantial gainful activity by reason of a medically determinable physical or mental impairment as of the claimant's date last insured. 42 U.S.C. § 423(d); *Jones v. Shalala*, 10 F.3d 522, 526 (7th Cir. 1993). After reviewing the parties' briefs, the ALJ's decision, and the claimant's medical record, the Court concludes that substantial evidence in the record supports the ALJ's finding that the claimant was not disabled as of his date last insured. Accordingly, the Court denies Plaintiff's motion for summary judgment.

### IV.  Summary

For the reasons stated above, this Court **DENIES** Plaintiff's Motion for Summary Judgment **(#18)**.

ENTER this 1st day of April, 2010.

>                       s/ DAVID G. BERNTHAL
>                      U.S. MAGISTRATE JUDGE